# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| David Antonio Little, Jr.,<br><br>          Plaintiff,<br>     v.<br><br>Correctional Officer Oscar Level, Jr.,<br><br>          Defendant. | Case No. 0:23-cv-4060-RMG<br><br><br>**ORDER** |

Plaintiff, a state prisoner proceeding *pro se* and *in forma pauperis*, brings this civil rights case pursuant to 42 U.S.C. § 1983. This case is before the Court due to Plaintiff's failure to comply with the Magistrate Judge's Proper Form Order dated August 22, 2023, directing Plaintiff to file necessary documents to bring this case into proper form for the issuance and service of process. (ECF No. 7). The Magistrate Judge issued a Report and Recommendation ("R & R") recommending the Court dismiss this action without prejudice. (Dkt. No. 11). For the reasons set forth below, the Court adopts the R & R as the order of the Court.

The mail in which the Order was sent to Plaintiff's provided address has not been returned to the court, thus it is presumed that Plaintiff received the Order, but has neglected to comply with the Order within the time permitted under the Order.  The Court has not received a response from Plaintiff and the time for compliance has passed. Additionally, Plaintiff did not file any objections to the R & R.

"The court has "inherent power to manage its docket in the interests of justice." *Luberda v. Purdue Frederick Corp.*, No. 4:13-cv-00897, 2013 WL 12157548, at *1 (D.S.C. May 31, 2013). It also has the authority expressly recognized in Rule 41(b) to dismiss actions for failure to prosecute. Fed. R. Civ. P. 41(b).  "The authority of a court to dismiss *sua sponte* for lack of prosecution has generally been considered an 'inherent power,' governed not by rule or statute but

1

by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Link v. Wabash R. Co.*, 370 U.S. 626, 630–31 (1962).

    Plaintiff has failed to properly respond to the Order within the time ordered. In a case in which there was an order for a plaintiff to amend his complaint and there was no amended complaint filed, the Fourth Circuit Court of Appeals affirmed the R. 41 dismissal, stating that plaintiff asserted he "chose" to stand on his complaint but plaintiff "cannot choose whether or not to comply with a court order." *Justice v. N. Carolina Dep't Health & Hum. Servs. Sec'y*, No. 20-1597, 2022 WL 42465, at *2 (4th Cir. Jan. 5, 2022)(unpublished)("even if the district court's [prior order] was error, the court subsequently dismissed the case for failure to comply with a court order, rendering any error irrelevant."). Plaintiff's lack of response indicates an intent to not prosecute this case and subjects this case to dismissal. *See* Fed. R. Civ. P. 41(b)(district courts may dismiss an action if a Plaintiff fails to comply with an order of the court); *see also Ballard v. Carlson*, 882 F.2d 93, 95 (4th Cir. 1989)(dismissal with prejudice appropriate where warning given); *Chandler Leasing Corp. v. Lopez*, 669 F.2d 919, 920 (4th Cir. 1982)(court may dismiss *sua sponte*).

    Accordingly, this case is dismissed without prejudice and without issuance and service of process. The Clerk of Court shall close the file.

                                               _s/ Richard M. Gergel_
                                               Richard Mark Gergel
                                               United States District Judge

October 30, 2023
Charleston, South Carolina